1

2

3

4

5

6              **UNITED STATES DISTRICT COURT**

7                   **DISTRICT OF NEVADA**

8

9   ANGELA LAKTEEN,

10         Plaintiff,                          Case No. 2:04-CV-01152-KJD-PAL

11   v.                                        **ORDER**

12   CLARK COUNTY,

13         Defendant.

14

15         Presently before the Court is Defendants' Motion for Attorney's Fees (#23).  Plaintiff filed a

16   response in opposition (#24) to which Defendant replied (#28).

17   I.  Standard and Analysis

18         A district court may grant attorney's fees to a prevailing private party in a Title VII action

19   pursuant to 42 U.S.C. § 2000e-5(k).   See Christiansburg Garment Co. v. E.E.O.C., 434 U.S. 412,

20   418-19 (1978).  The statute itself does not list standards to be used by the court;  it states only that

21   fees may be awarded in the court's "discretion."  42 U.S.C. § 2000e-5(k).   In Christiansburg, the

22   Supreme Court outlined standards to guide the district court's discretion when deciding whether to

23   grant attorney's fees to a prevailing defendant in a Title VII action.   The Court explained the

24   standard:

25                  [A] district court may in its discretion award attorney's fees to a prevailing
                 defendant in a Title VII case upon a finding that the plaintiff's action was frivolous,
26               unreasonable, or without foundation, even though not brought in subjective bad faith.

1          In applying these criteria, it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that,
2    because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation.   This kind of hindsight logic could discourage all but the most
3    airtight claims, for seldom can a prospective plaintiff be sure of ultimate success.

4    Id. at 421-22.  Because Congress intended to "promote the vigorous enforcement of the provisions

5    of Title VII," a district court must exercise caution in awarding fees to a prevailing defendant in order

6    to avoid discouraging legitimate suits that may not be "airtight."  Id. at 422.

7         Inquiring into the credibility of witnesses or whether the plaintiff came forward with

8    convincing and highly credible evidence, "invites the court to engage in the kind of post-hoc

9    reasoning condemned by Christiansburg." E.E.O.C. v. Bruno's Restaurant, 13 F.3d 285, 288 (9th Cir.

10   1993).  Instead the court should look to whether the claim was frivolous, unreasonable, or without

11   foundation.

12        In this case, the Court cannot find that Plaintiff's action was frivolous, unreasonable, or

13   without foundation.  Plaintiff's transfer from Foreman's supervision to Boteilho's when she made

14   her initial complaints of harassment could have raised a sincere question in Plaintiff's mind as to the

15   motivation for her treatment under Boteilho.  Thus, the Court cannot conclude that Plaintiff's claim

16   was frivolous, unreasonable or without foundation without engaging the in the kind of post-hoc

17   reasoning condemned by Christiansburg.  Therefore, the Court denies Defendant's motion for

18   attorney's fees.

19   II.  Conclusion

20        Accordingly, IT IS HEREBY ORDERED that Defendants' Motion for Attorney's Fees (#23)

21   is **DENIED**.

22        DATED this 13th day of November 2006.

23

24

25   _____
     Kent J. Dawson
26   United States District Judge